# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANA MARIA LOPEZ,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action Number:** |
| vs. : | |
| : | |
| **KMDJ, Inc., d/b/a NINJA STEAK** : | |
| **HOUSE 1, MARY WON KIM, and** : | **Jury Trial Demanded** |
| **STEVE KIM,** : | |
| : | |
| **Defendants.** : | |

## COMPLAINT

Plaintiff, by and through the undersigned counsel, brings this complaint against Defendants and pleads as follows:

## INTRODUCTION

1.

Plaintiff Ana Maria Lopez brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA". Plaintiff brings this action under the FLSA to (1) receive the minimum wage for work weeks in which the employer failed to pay her and an additional like amount as liquidated damages; (2) recover the overtime pay that was denied her and an

additional amount as liquidated damages; and (3) for her costs of litigation, including her reasonable attorneys' fees.

2.

Plaintiff was employed as a dishwasher and table cleaner by Defendant KMDJ, Inc. d/b/a Ninja Steak House 1 at 2160 Riverside Parkway, #136 in Lawrenceville, Georgia from on or about July 20, 2007 until August 4, 2009.

3.

In addition to her federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) assault, (2) battery, (3) intentional infliction of emotional distress, and (4) negligent infliction of emotional distress.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Defendant KMDJ, Inc. d/b/a Ninja Steak House 1 is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

7.

Plaintiff Ana Maria Lopez resides within Gwinnett County, Georgia.

8.

From on or about July 20, 2007 until August 4, 2009, Plaintiff Ana Maria Lopez has been an "employee" as defined in the FLSA §3(e)(1), 29 U.S.C. §203(e)(1).

9.

From on or about July 20, 2007 until August 4, 2009, Plaintiff Lopez has

been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §6(a) and §7(a), 29 U.S.C. § 206(a) and §207(a).

11.

KMDJ, Inc. is a corporation organized under the laws of the State of Georgia and does business under the trade name of Ninja Steak House 1.

12.

At all times material hereto, Defendant KMDJ, Inc. d/b/a Ninja Steak House 1 has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d).

13.

At all times material hereto, Defendant KMDJ, Inc. d/b/a Ninja Steak House 1 has been an engaged in commerce as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

At all times material hereto, Defendant KMDJ, Inc. d/b/a Ninja Steak House 1 has been an "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

15.

Defendant KMDJ, Inc. d/b/a Ninja Steak House 1 is subject to the personal jurisdiction of this Court.

16.

Defendant KMDJ, Inc. d/b/a Ninja Steak House 1 may be served with process through its registered agent, Mary Won Kim at 1866 Royal Troon Court, Duluth, Georgia 30097.

17.

Defendant Mary Won Kim resides within Gwinnett County, Georgia.

18.

At all times material hereto, Defendant Mary Won Kim has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d).

19.

Defendant Mary Won Kim is subject to the personal jurisdiction of this Court.

20.

Defendant Mary Won Kim may be served with process at 1866 Royal Troon Court, Duluth, Georgia 30097.

21.

Defendant Steve Kim resides within Gwinnett County, Georgia.

22.

At all times material hereto, Defendant Steve Kim has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d).

23.

Defendant Steve Kim is subject to the personal jurisdiction of this Court.

24.

Defendant Steve Kim may be served with process at 1866 Royal Troon Court, Duluth, Georgia 30097.

**FACTUAL BACKGROUND**

25.

Over the course of her employment, Defendant Steve Kim repeatedly harassed Plaintiff Ana Maria Lopez, verbally, physically, and sexually.

26.

Defendant Steve Kim repeatedly subjected Plaintiff Ana Maria Lopez to crude and unwelcome comments of a sexual nature.

27.

Defendant Steve Kim repeatedly subjected Plaintiff Ana Maria Lopez to physical harassment through the unwanted placement of his hands on her breasts and buttocks, by putting raw eggs under her shirt and breaking them, by putting ice down her pants, and by exposing his penis to her.

28.

Plaintiff Ana Maria Lopez repeatedly objected to Defendant Steve Kim's harassment.

29.

Defendant Steve Kim created a hostile working environment for Plaintiff Lopez through degrading, intimidating, threatening, humiliating, and injurious sexual behavior.

30.

In engaging in the behavior referenced above, Defendant Steve Kim acted both on his own behalf and as an agent for KMDJ, Inc. d/b/a Ninja Steak House 1.

31.

KMDJ, Inc. d/b/a Ninja Steak House 1 was aware of the behavior referenced above, but failed to take any steps to correct it.

32.

KMDJ, Inc. d/b/a Ninja Steak House 1 ratified the behavior referenced above and is liable for it.

33.

But for his status as an owner and agent for KMDJ, Inc. d/b/a Ninja Steak House 1, Defendant Steve Kim could not have subjected Plaintiff Lopez to the treatment or behavior, nor could he have caused the injuries to Plaintiff Lopez, that are the subject of these claims.

34.

The actions of Defendants KMDJ, Inc., and Steve Kim show deliberate, malicious and intentional wrongdoing, and wanton disregard for the consequences of their behavior to justify the imposition of punitive damages.

## COUNT I — FAILURE TO PAY MINIMUM WAGE
## AS TO DEFENDANTS KMDJ, INC., MARY WON KIM AND STEVE KIM

35.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

36.

At all times material hereto, Ana Maria Lopez has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

37.

From on or about July 20, 2007 through August 4, 2009, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

38.

From on or about July 20, 2007 through August 4, 2009, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

39.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

40.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

41.

As a result of the underpayment of minimum wages, Plaintiff is entitled to her litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II — FAILURE TO PAY OVERTME
AS TO DEFENDANTS KMDJ, INC., MARY WON KIM AND STEVE KIM**

42.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

43.

At all times material hereto, Ana Maria Lopez has been an employee

covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

44.

During her employment with Defendants, Ana Maria Lopez regularly worked in excess of forty (40) hours each week.

45.

Defendants failed to pay Ana Maria Lopez at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 20, 2007 through August 4, 2009.

46.

Defendants have willfully failed to pay Ana Maria Lopez at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 20, 2007 through August 4, 2009.

47.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

48.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29

U.S.C. § 216(b).

49.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT III - ASSAULT AS TO STEVE KIM AND KMDJ, INC.

50.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

51.

Through the conduct described above, Defendant Steve Kim committed the intentional tort of assault against Plaintiff Lopez.

52.

As the direct and proximate result of Defendant Kim's conduct as described above, Plaintiff has suffered and continues to suffer physical pain and emotional pain and suffering for which she is entitled to recover damages in an amount to be proven at trial.

53.

KMDJ, Inc. is liable for damages caused by the actions of Steve Kim because of this assault.

**COUNT IV – BATTERY AS TO STEVE KIM AND KMDJ, INC.**

54.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

55.

Through the conduct described above, Defendant Steve Kim committed the intentional tort of battery against Plaintiff Lopez.

56.

As the direct and proximate result of Defendant Kim's conduct as described above, Plaintiff has suffered and continues to suffer physical pain and emotional pain and suffering for which she is entitled to recover damages in an amount to be proven at trial.

57.

KMDJ, Inc. is liable for damages caused by the actions of Steve Kim because of this battery.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO STEVE KIM AND KMDJ, INC.

58.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

59.

The actions of Defendant Steve Kim that form the basis of the assault and battery claims were intentional.

60.

The actions of Defendant Steve Kim that form the basis of the assault and battery claims were reckless.

61.

The actions of Defendant Steve Kim that form the basis of the assault and battery claims were extreme.

62.

The actions of Defendant Steve Kim that form the basis of the assault and battery claims were outrageous.

63.

As the direct and proximate result of Defendant Kim's conduct as described above, Plaintiff Lopez has suffered and continues to suffer severe emotional distress for which she is entitled to damages.

64.

KMDJ, Inc. is liable for damages caused by the actions of Steve Kim.

### COUNT VI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO STEVE KIM AND KMDJ, INC.

65.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

66.

By the actions alleged that form the basis of the assault and battery claim, Defendant Kim committed the tort of negligent infliction of emotional distress for which he is liable.

67.

KMDJ, Inc., is liable for damages caused by the actions of Steve Kim.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count 1, that Plaintiff be awarded an amount to be determined at trial against Defendants KMDJ, Inc., Mary Won Kim and Steve Kim in unpaid minimum wage from on or about July 20, 2007 through August 4, 2009 due under the FLSA, plus an additional like amount in liquidated damages;

3. As to Count 2, that Plaintiff be awarded an amount to be determined at trial against Defendants KMDJ, Inc., Mary Won Kim and Steve Kim in unpaid overtime compensation due under the FLSA plus an additional like amount in liquidated damages;

4. As to Count 3, that Plaintiff be awarded compensatory, general and punitive damages against Defendants KMDJ, Inc., and Steve Kim in an amount to be determined at trial.

5. As to Count 4, that Plaintiff be awarded compensatory, general and punitive damages against Defendants KMDJ, Inc., and Steve Kim in an amount to be determined at trial.

6. As to Count 5, that Plaintiff be awarded compensatory, general and punitive damages against Defendants KMDJ, Inc., and Steve Kim in an amount to be determined at trial.

7. As to Count 6, that Plaintiff be awarded compensatory, general and punitive damages against Defendants KMDJ, Inc., and Steve Kim in an amount to be determined at trial.

8. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

9. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| *s/Kevin D. Fitzpatrick, Jr.* | *Charles R. Bridgers* |
| Kevin D. Fitzpatrick, Jr. | Charles R. Bridgers |
| Ga. Bar No. 262375 | Ga. Bar No. 080791 |
| 3100 Centennial Tower | 3100 Centennial Tower |
| 101 Marietta Street | 101 Marietta Street |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| (404) 979-3171 | (404) 979-3150 |
| (404) 979-3170 (f) | (404) 979-3170 (f) |
| kevin.fitzpatrick@dcbflegal.com | charlesbridgers@dcbflegal.com |
| | |
| Counsel for Plaintiff | Counsel for Plaintiff |

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ANA MARIA LOPEZ,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **vs.** : | |
| : | **Civil Action Number:** |
| **KMDJ, Inc., d/b/a NINJA STEAK** : | |
| **HOUSE 1, MARY WON KIM, and** : | |
| **STEVE KIM,** : | |
| : | **Jury Trial Demanded** |
| **Defendants.** : | |

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1, N.D.Ga., the above signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local Rule 5.1 B, N.D.Ga.

/s/ Kevin D. Fitzpatrick, Jr.
Counsel for Plaintiff
Georgia Bar No. 262375